# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**KEN J. GREGORY,**
**Claimant Below, Petitioner**

**FILED**
**December 6, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 24-ICA-221**        (JCN: 2023014071)

**RALEIGH COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Ken J. Gregory appeals the May 1, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent Raleigh County Board of Education ("RCBOE") filed a timely response.[1] Mr. Gregory did not file a reply. The issues on appeal are whether the Board erred in affirming the claim administrator's orders, which 1) denied the request to add lumbar degeneration, lumbar spine instability, lumbar radiculopathy, and lumbar spondylosis as compensable conditions under the claim and 2) held the claim compensable for lumbosacral sprain.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 18, 2023, while employed by RCBOE, Mr. Gregory completed an Employees' and Physicians' Report of Occupational Injury or Disease, indicating that he sustained a work injury when a wheel fell off a creeper causing him to be jolted. The physician's section, completed by a provider at Raleigh General Hospital, indicated that Mr. Gregory sustained an acute exacerbation of chronic lumbago with right sciatica as a direct result of an occupational injury.

Prior to the compensable injury, Mr. Gregory was seen at Access Health on April 18, 2022, and he reported persistent cervical and lumbar radiculopathy symptoms. The assessment was cervical radiculopathy and lumbar radiculopathy. On May 10, 2022, Mr. Gregory underwent CTs of the lumbar spine and cervical spine. The CT of the lumbar spine

---

[1] Mr. Gregory is represented by Reginald D. Henry, Esq., and Lori J. Withrow, Esq. RCBOE is represented by Jeffrey M. Carder, Esq.

1

revealed degenerative disc disease with osteophyte formation at the L5-S1 level, diffuse disc bulge at L3-L4 with ligament hypertrophy causing moderate central stenosis, diffuse disc bulge at L4-L5 causing lateral recess stenosis, and a small left paracentral disc osteophyte complex at L5-S1. The CT of the cervical spine revealed diminished intervertebral disc space height at C5-C6 and C6-C7 indicative of disc degeneration, and moderate cervical spondylosis particularly at the C5-C6 level.

On July 28, 2022, Mr. Gregory was seen at West Virginia OrthoNeuro for chronic neck, low back, and radiating pain down the right thigh into the right knee. The assessment was neck pain, low back pain, cervical spondylosis and lumbar spondylosis. The treatment providers opined that Mr. Gregory's symptoms were not consistent with cervical radiculopathy but were consistent with right-sided lumbar radiculopathy. On October 27, 2022, Mr. Gregory followed up with West Virginia OrthoNeuro, for popping and cracking in his neck and right lower extremity radicular pain. The assessment was occasional neck pain with C5-C7 disc degeneration, low back and right buttock and leg pain in an L4 distribution with multilevel lumbar disc degeneration, and right L4 foraminal stenosis.

On October 25, 2022, Mr. Gregory underwent MRIs of lumbar spine and cervical spine. The lumbar MRI revealed diminished disc signal at L2-L3, L4-L5, and L5-S1, indicative of disc degeneration; focal spinal canal narrowing with bilateral neural foraminal compromise, L3-L4 and L4-L5; bilateral neural foraminal compromise, L2-L3 and L5-S1; osteoarthritic lumbar vertebral body lipping and facet hyperostosis; and multilevel disc degeneration without disc herniation. The cervical MRI revealed bilateral neural foraminal compromise, C5-C6 and C6-C7; osteoarthritic vertebral body lipping and facet hyperostosis; and multilevel disc degeneration without disc herniation.

Following the compensable injury, Mr. Gregory was seen by Billy Cole, D.O., on January 20, 2023. Mr. Gregory presented for a follow-up of his work injury. The assessment was lumbar radiculopathy, cervical radiculopathy, and degeneration of intervertebral disc. The claim administrator issued an order dated January 30, 2023, which held the claim compensable for unspecified injury of the lower back.

On February 9, 2023, Mr. Gregory underwent an MRI of the lumbar spine, revealing facet joint effusions at L4-L5; multilevel degenerative disc disease and articular facet joint arthropathy; mild bilateral foraminal stenosis at L2-L3, unchanged from October 25, 2022; mild right and moderate left foraminal stenosis, essentially unchanged from October 25, 2022, contact with existing left L3 nerve root; moderate bilateral foraminal stenosis at L4-L5, stable; and moderate bilateral foraminal stenosis at L5-S1, stable.

Mr. Gregory was seen by Raymond Harron, D.O., a neurosurgeon, on February 20, 2023, for low back pain and right lower extremity radiculopathy. Mr. Gregory reported that his pre-existing back pain increased significantly when he was injured at work. The diagnosis was low back pain, radiculopathy of the lumbar region, intervertebral disc

degeneration of the lumbar region, and spondylosis without myelopathy or radiculopathy of the lumbar region. On May 20, 2023, Mr. Gregory followed-up with Dr. Harron. It was reported that an MRI revealed a disc protrusion on the left at L2-L3, but that Mr. Gregory does not have left-sided symptoms.

On March 17, 2023, Mr. Gregory underwent a lumbar epidural steroid injection at the L3-L4 level. The claim administrator issued an order dated April 24, 2023, authorizing twelve sessions of physical therapy for the lumbar spine. Mr. Gregory submitted a Diagnosis Update form dated July 15, 2023, requesting that lumbar back pain, lumbar radiculopathy, lumbar degeneration, lumbar spondylosis, and lumbar spinal instability be added as compensable conditions of the claim.

Mr. Gregory underwent an independent medical evaluation with Joseph E. Grady, II, M.D., on July 25, 2023. Dr. Grady assessed a lumbosacral myofascial sprain and reported history of right sciatica with history of diffuse multilevel lumbar degenerative spondylosis. Dr. Grady reported that there was no current lumbar radiculopathy or trigger point tenderness at the time of his examination. Dr. Grady opined that Mr. Gregory had reached maximum medical improvement for the compensable injury.

On August 2, 2023, the claim administrator issued an order denying the addition of lumbar back pain, lumbar degeneration, lumbar spine instability, lumbar radiculopathy, and lumbar spondylosis as compensable conditions of the claim due to a finding that they were not causally related to the compensable injury. The claim administrator issued a corrected order dated August 28, 2023, which corrected the January 30, 2023, order, holding the claim compensable for unspecific injury of low back, and accepted lumbosacral sprain as the compensable condition. Mr. Gregory protested these orders.

Dr. Harron drafted correspondence dated October 11, 2023, opining that the findings on the MRI dated February 9, 2023, were all degenerative changes except for the disc protrusion/herniation on the left at the L3-L4 level. Dr. Harron reported that Mr. Gregory had fluid in his facet joints at the L4- L5 level indicating biomechanical instability which could cause back pain and secondary leg pain. Dr. Harron opined that Mr. Gregory's lumbar spondylosis and degeneration of his back were aggravated by the compensable injury. Dr. Harron reported that Mr. Gregory was not symptomatic immediately prior to the compensable injury and that his injuries are directly attributable to the compensable injury.

Mr. Gregory was deposed on November 29, 2023. Mr. Gregory testified that prior to January 18, 2023, he rarely missed work because of his back condition. Mr. Gregory further testified that the pain prior to January 18, 2023, would go down the back of his right leg but not go into his knee or his foot. Mr. Gregory also testified that with his current symptoms he would not be able to return to work.

On May 1, 2024, the Board issued an order affirming the claim administrator's orders, which denied the request to add lumbar degeneration, lumbar spine instability, lumbar radiculopathy, and lumbar spondylosis as compensable conditions, and holding the claim compensable for lumbosacral sprain. The Board found that Mr. Gregory failed to establish that the diagnoses of lumbar back pain, lumbar degeneration, lumbar spondylosis, lumbar radiculopathy, and lumbar spinal instability are causally related to the compensable injury Mr. Gregory now appeals the Board's order.

causally related to the compensable injury Mr. Gregory now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, Mr. Gregory argues that the preponderance of the evidence establishes that he sustained a discrete new injury of lumbar degeneration, lumbar spine instability, lumbar radiculopathy, and lumbar spondylosis as a direct result of the compensable injury. We disagree.

The Supreme Court of Appeals of West Virginia held, in *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857 (2016):

> A noncompensable preexisting injury may not be added as a compensable component of a claim for workers' compensation medical benefits merely because it may have been aggravated by a compensable injury. To the extent

4

that the aggravation of a noncompensable preexisting injury results in a [discrete] new injury, that new injury may be found compensable.

*Id.* at 738, 783 S.E.2d at 858, syl. pt. 3

The Supreme Court clarified its position in *Moore v. ICG Tygart Valley, LLC*, 247 W. Va. 292, 879 S.E.2d 779 (2022), holding:

A claimant's disability will be presumed to have resulted from the compensable injury if: (1) before the injury, Mr. Gregory's preexisting disease or condition was asymptomatic, and (2) following the injury, the symptoms of the disabling disease or condition appeared and continuously manifested themselves afterwards. There still must be sufficient medical evidence to show a causal relationship between the compensable injury and the disability, or the nature of the accident, combined with the other facts of the case, raises a natural inference of causation. This presumption is not conclusive; it may be rebutted by the employer.

*Id.* at 294, 879 S.E.2d at 781, syl. pt. 5

Here, the Board found that Mr. Gregory failed to establish that the conditions of lumbar back pain, lumbar degeneration, lumbar spondylosis, lumbar radiculopathy, and lumbar spinal instability are causally related to the compensable injury. The Board analyzed the claim under *Gill* and *Moore* and noted that medical records establish that the diagnoses of lumbar degeneration and lumbar spondylosis preexisted the compensable injury and are degenerative conditions. The Board further noted that medical records indicate that Mr. Gregory had symptoms of right-sided lumbar radiculopathy prior to the compensable injury. Further, the Board found that Mr. Gregory failed to establish that the diagnosis of lumbar spinal instability is causally related to the compensable injury.

Upon review, we conclude that the Board was not clearly wrong in finding that Mr. Gregory failed to establish that the diagnoses of lumbar back pain, lumbar degeneration, lumbar spondylosis, lumbar radiculopathy, and lumbar spinal instability are causally related to the compensable injury based on the medical records. As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in affirming the claim administrator's orders after analyzing the claim under *Gill* and *Moore*.

Accordingly, we affirm the Board's May 1, 2024, order.

Affirmed.

**ISSUED:** December 6, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear